IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                              Case No. 14-10130-02-JTM

LORI A. SHRYOCK,
    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Lori Shryock's Notice of Motion and Motion to Terminate Probation Early. (Dkt. 110). On June 8, 2015, Shryock pled guilty to one count of mail fraud in violation of 18 U.S.C. §§ 1341-42. (Dkt. 45, 46). Shryock was subsequently sentenced on May 2, 2016 to five years of probation. (Dkt. 99, p.2). In addition to the sentence of probation, Shryock was ordered to make restitution to Presbyterian Manors of Mid-America, Inc. and Travelers Casualty & Surety Company in the amount of $1,315,501.81, with payment to begin immediately and to continue in monthly installments of not less than five percent of Shryock's monthly gross household income over a period of five years. (Dkt. 99, p. 4-5). In addition to the standard and special conditions of supervision imposed in the Judgment, the court's sentence directed "[i]f this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment." (Dkt. 99, p. 2).

Shryock filed an earlier motion for early termination of probation (Dkt. 108), which was denied on June 9, 2017. (Dkt. 109). The court noted at that time that Shryock had only

completed one year of probation and still owed a substantial amount of restitution. Administrative Case Manager Robyn Swanson of the United States Probation Office in Wichita, Kansas, reports that since Shryock's first motion for early termination, she has moved from Kansas to Disney, Oklahoma, where she continues to be supervised on a low-risk caseload by officers of the United States Probation Office in that district. Shryock is in full compliance with the terms of her probation and continues to make consistent monthly restitution payments of approximately $200. Because Shryock is in full compliance with the terms of her probation and had made consistent restitution payments, the United States Probation Office does not oppose her request for early termination.

Although Shryock has made consistent payments she still owes a substantial balance of restitution; approximately $1,255,838.70 as of the date of the United States Probation Office's report to this court. The United States Attorney, appearing through Assistant United States Attorney Alan G. Metzger, opposes early termination of probation because of the outstanding restitution balance.

18 U.S.C. §3564(c) allows the court to discharge a defendant from probation any time after the defendant has served one year, provided that the court considers the factors set forth in 18 U.S.C. § 3553(a) and finds the discharge "is warranted by the conduct of the defendant and in the interest of justice." 18 U.S.C. § 3553(a) lists factors the court should consider when imposing a sentence. Of the listed factors, the court finds those most relevant to early termination of probation in this case are the nature and circumstances of the offense and history and characteristics of the defendant; the need for

the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need for the sentence to provide adequate deterrence to future criminal conduct and to protect the public from future crimes by the defendant; and the need to provide restitution to any victims of the offense.

Shryock's brief does not specifically address § 3553(a) but does argue that she is entitled to early termination for a number of reasons. Shryock contends that she has demonstrated good conduct while on probation, having reported timely every month without incurring any infractions. She has never missed a monthly restitution payment. She completed court-ordered counseling and the Moral Reconation Therapy program early-on in her term of probation, and she indicates she "wishes to demonstrate a life of good conduct and reform outside the scope and restrictions of probation." Finally, Shryock indicates that she "wishes to pursue better employment upon termination of probation." (Dkt. 110-1, p. 2). Shryock's Motion, however, does not identify specific employment avenues that she has pursued, any barriers to that employment posed by her continued probation, or whether "better employment" would allow her to make more significant progress on her restitution payments.

The court finds that additional information would be helpful to its consideration of the § 3553(a) factors. In particular, the court would like Shryock to provide information concerning potential employment opportunities she could and would pursue if released from probation. Shryock should, if possible, demonstrate how those improved employment opportunities would positively impact her ability to make progress toward

3

satisfying the outstanding restitution balance. The court will hold its decision on Shryock's Motion under advisement until it has received such information.

IT IS THEREFORE ORDERED:

1. Shryock shall provide the additional information requested to the court as soon as possible, by mailing the information to:

> The Honorable J. Thomas Marten
> United States District Court
> 401 N. Market, Room 423
> Wichita, Kansas 67202

2. Shryock shall mail a copy of all information submitted to the court to:

> Alan Metzger
> Assisted United States Attorney
> 1200 Epic Center
> Wichita, Kansas 67202
>
> Robyn Swanson
> United States Probation Office – District of Kansas
> 401 N. Market, Room 308
> Wichita, Kansas 67202

3. The United States Attorney and United States Probation Office are directed to file a response to Shryock's additional information within 30 days of receipt;

4. The court will rule promptly on Shryock's motion upon receipt of Shryock's additional submissions and responses from the United States Attorney and United States Probation Office.

IT IS SO ORDERED this 29th day of January, 2020.

> /s/ J. Thomas Marten
> THE HONORABLE J. THOMAS MARTEN
> UNITED STATES DISTRICT COURT