IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                      Case No. 14-10130-02-JTM

LORI A. SHRYOCK,
    Defendant.

**MEMORANDUM AND ORDER**

On January 29, 2020, the court entered a Memorandum and Order (Dkt. 111) on defendant Lori Shryock's Motion to Terminate Probation Early (Dkt. 110) ordering defendant to provide information concerning potential employment opportunities she would pursue if released from probation and how those opportunities would positively impact her ability to make progress toward her restitution obligation. Shryock responded by letter filed with the court on February 6, 2020 (Dkt. 112), where she indicated a desire to advance in her employment in the marine industry in a variety of positions that could involve supervision of an office or ship store or travel for training. Shryock indicated that advancement to a supervisory position or a position requiring travel would not be possible under her current level of supervision. Shryock further indicated that "[i]n the event a pay increase would be included with any offer of better employment, I would most definitely increase the amount of my restitution payment in order to comply with the court order of not less than five percent of my monthly gross household income." (Dkt. 112, p. 1-2).

The United States continues to oppose Shryock's Motion. (*See* Dkt. 113). In particular, the United States contends that Shryock's response did not identify any specific employment opportunities available to her in the absence of supervision, and that she made no promises concerning her restitution obligation other than to continue to pay the minimum monthly amount ordered by the court. The United States also contends that in the absence of continued supervision, Shryock may not make the required restitution payments at all. The United States Probation Office remains unopposed to Shryock's Motion.

The court has considered Shryock's Motion, the supplemental information provided, the United States' response, and the position of the United States Probation Office. Shryock has served nearly four years of probation. She has been in full compliance with the terms of that probation, has been supervised on a low-risk basis, and has made monthly restitution payments throughout that time.[1] She completed court-ordered counseling as well as the vigorous Moral Reconnation Therapy program. She has also maintained long-term employment in both Kansas and Oklahoma while on supervision. Shryock's supervising probation officers report to the court that she has made a positive

---

[1] The court acknowledges the outstanding balance due on the restitution Judgment imposed on May 2, 2016 (Dkt. 99, p. 4) and the United States' concern that Shryock will not pay in the absence of payment being required as a condition of her continued probation. The court finds the outstanding restitution balance alone to be an insufficient basis to deny early termination of probation in this particular case. The monetary penalties imposed in the court's Judgment are independent of any condition of supervision; thus Shryock remains subject to the restitution order on the terms imposed by the court's Judgment even if released from supervision. *See* 18 U.S.C. §3572(d), (i); 18 U.S.C. §3663(d); 18 U.S.C. §3664(m); *U.S. v. Martinez,* 812 F.3d 1200 (10th Cir. 2015); *U.S. v. Rostoff,* 164 F.3d 63 (1st Cir. 1997).

adjustment to supervision and that the results of a recent financial investigation did not reveal any concerns. Taking into account the factors set forth in 18 U.S.C. §3553(a), including the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; the need for the sentence to adequately deter future criminal conduct and protect the public from future crimes by the defendant; and the need to provide restitution to the victims of the offense, the court finds that early termination of her probation is warranted by Shryock's conduct and that it is in the interest of justice. *See* 18 U.S.C. §3564(c).

Shryock's Motion to Terminate Probation Early (Dkt. 110) is **GRANTED**. Shryock's supervising officer in the United States Probation Office for the District of Kansas shall provide a copy of this order to Shryock's supervising officer(s) in the District of Oklahoma.

IT IS SO ORDERED this 20th day of February, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT