IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
          Plaintiff,

vs.                                                         No. 14-10130-02-JTM

LORI A. SHYROCK, *now know as*
LORI A. MOSLER,
          Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Lori Shyrock's Motion for Hearing (Dkt. 120), which she submitted after receiving notice of the writ of continuing garnishment obtained by the government. In 2016, Shyrock was convicted of mail fraud, in violation of 18 U.S.C. § 1341, and sentenced to 5 years probation, and ordered to pay $1,314,601.81 in restitution. When the government sought the writ of garnishment on September 14, 2020, it stated that $1,254,133.70 in restitution remained unpaid.

Shyrock's motion is simply her return to the Court Clerk of the garnishment notice form, with a check in the box stating that she would like to have a hearing on the garnishment. It does not appear that Shyrock returned the remainder of the form, which sets out the specific exemptions that are available to challenge a garnishment under 28 U.S.C. § 3202(d). The government has informed the court that it does not believe the defendant has any legitimate exemption, is not entitled to a hearing, and has been told

defendant has contacted legal counsel for assistance and has asked for some additional time to consider a resolution to her request for a hearing.

This court has determined that the statute's mandatory language requires the holding of a hearing under 28 U.S.C. § 3202(d), even if the debtor's request fails to specify which statutory protection she seeks to invoke. *See United States v. Goudie*, No. 99-10111-02-JTM, Dkt. 123 (D. Kan., Dec. 11, 2018) (citing *United States v. Gomez*, 733 Fed.Appx. 998, 999 (11th Cir. 2018) (per curiam)). Accordingly, the court will schedule a hearing to address Shyrock's motion, and had anticipated scheduling a hearing Thursday, October 15, 2020. However, based on the government's statement, the court will defer to the preferences of the parties and reserve scheduling any hearing, for a reasonable time and absent objection from any party.

At the same time, the court takes the opportunity to observe that (outside of a default judgment, which did not occur here) a 28 U.S.C. § 3202(d) hearing is limited to "two narrow grounds[,] limited to consideration of (1) the probable validity of any claim of exemption, or (2) compliance with any statutory requirement in the postjudgment remedy process." *United States v. Sanchez*, No. 6:14-CR-31-ORL-18DCI, 2018 WL 1155989, at *2 (M.D. Fla. Feb. 2, 2018), *report and recommendation adopted*, No. 6:14-CR-31-ORL-18DCI, 2018 WL 1136608 (M.D. Fla. Mar. 1, 2018). A § 3202(d) hearing "is not an opportunity for a debtor to challenge the validity of his restitution obligation or his ability to pay it." *See United States v. Cooper*, 318 F. Supp. 3d 1278, 1283 (N.D. Ala. 2018) (citing cases).

Accordingly, the court will reserve scheduling a hearing on the defendant's request for a hearing for a reasonable time.

IT IS SO ORDERED this day of October, 2020.

*J. Thomas Marten*
J. Thomas Marten, Judge